## THE PROVIDENT INSTITUTION FOR SAVINGS

### *v.*

### MARTIN B. ALLEN et al.

1. The court of chancery may, in a foreclosure suit, determine the validity of statutory liens claimed upon the property.

2. Water rents assessed on vacant lots in Jersey City under its charter, at rates adopted by its municipal board of public works, in its discretion, and without regard to special benefits or valuations, are illegal.

3. Where the statute under which taxes are imposed is unconstitutional, the objection of laches cannot be set up by the city.

---

Bill to foreclose mortgage on land in Jersey City. On final hearing on pleadings and agreement as to facts admitted and questions submitted for decision.

*Mr. C. H. Hartshorne,* for complainant.

*Mr. Leon Abbett,* for Jersey City.

THE CHANCELLOR.

The complainant, in its bill, attacks the validity of certain taxes, known as water rents, levied or assessed on the mortgaged premises (which are in Jersey City), under the authority of the charter of that city. It also insists that if the water rents are valid liens upon the property they are subsequent to its mortgage, because they were levied subsequently to the recording of that instrument. The city, on the other hand, claims priority for those water rents over the complainant's mortgage, and denies the jurisdiction of this court to pass upon the question of the validity of the assessments. It also insists that if this court has such jurisdiction, it will, in exercising it, take into consideration the defence of laches in not having brought the question before the proper tribunal for decision, which the city now urges.

The taxes were levied under the eighty-first section of the charter of Jersey City (*P. L. of 1871 p. 1131*), which authorizes the board of public works to fix prices for the use of the Passaic water, for the payment whereof the owner and occupier of any house, lot or tenement where water shall be taken shall be liable, and to fix a sum to be assessed, annually, upon all vacant lots and lots with buildings thereon in which Passaic water is not taken, if they are situated upon any road, street, avenue, alley or court through or in which pipes for distributing the water are laid. The mortgaged premises are vacant lots, situated on a street in which the pipes are laid, but no water has been taken on the premises.

Of the power of this court to determine when necessary, in a suit for foreclosure, the validity of statutory liens claimed upon the property, there can be no doubt. *Hopper* v. *Exrs. of Malleson, 1 C. E. Gr. 382*, and *Trustees of Public Schools* v. *City of Trenton, 3 Stew. Eq. 667*, will serve as notable instances of the exercise of the jurisdiction.

It has been authoritatively held that water rents assessed on vacant lots under the eighty-first section of the charter of Jersey City, are illegal, because the amount of tax imposed is determined by rates adopted by the board of public works in its discretion, without regard to special benefits or valuations. *Jersey City* v

*Vreeland, 14 Vr. 638.* Speaking of the provision under consideration in connection with the constitutional one that property shall be assessed for taxes under general laws and by uniform rules, according to its true value, the court says in that case:

"Under this constitutional provision, no tax can lawfully be laid upon property which is not determined either by a special benefit derived, or by a valuation of the property with respect to which it is laid, upon a uniform rule of valuation at its true value. The act under which this assessment was made does not conform to either essential of a valid tax law. The tax is laid on the class of property designated in the act, neither in proportion to special benefits nor upon a valuation of the property with respect to which it is laid. The rates which shall be payable by the owners of property of the specified class are such as the board of public works, in its discretion, shall adopt, without regard to special benefits or valuations."

The objection of laches cannot avail the city ; for the taxes in question are invalid by reason of the unconstitutionality of the act under which they were imposed. *Kirkpatrick* v. *Commissioners, 13 Vr. 510; Bogert* v. *City of Elizabeth, 12 C. E. Gr. 568.*

It is urged on behalf of the city that if the constitutional provision is in conflict with the law authorizing the assessment of the water rents in question, it is, so far as that law is concerned, inoperative, because, as argued, it is in conflict with the provision of the constitution of the United States which declares that no state shall pass any law impairing the obligation of contracts. This objection is based on the allegation that those taxes were pledged by the charter before the adoption of the provision of the constitution of this state under consideration, for the payment of the bonds called Jersey City water scrip. It is a sufficient answer to this objection that the court of errors and appeals has declared that the taxes in question are invalid. Equity follows the law.

The complainant's mortgage is entitled to priority over the taxes in question.